IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
DAYTON DIVISION

| | |
|---|---|
| B&P COMPANY, INC. and <br> JAMES WRIGHT, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, <br><br> Defendant. | Civil Case No.  3:14-cv-0232 |

## COMPLAINT FOR INJUNCTIVE RELIEF

Both B&P Company, Inc. ("B&P") and James Wright ("Wright") have both filed requests for documents with the Internal Revenue Service under the Freedom of Information Act and the Privacy Act.  The Internal Revenue Service ("IRS") has failed to supply the requested documents in violation of the Freedom of Information Act.

## FACTS

The B&P Request

1. An agency is required to release requested documents within 20 days pursuant to the Freedom of Information Act ("FOIA").  *See* 5 U.S.C 552(6)(A).

2. The IRS is an agency under the FOIA and is required to release documents.  *See* 5 U.S.C. § 552(f)(1).

3. On January 30, 2014, B&P submitted to the IRS a FOIA request for all Revenue Agent Reports related to B&P from the years 1990 through 2013.  (Exhibit A.)

4. On March 4, 2014, Ron Mele, Disclosure Manager, Disclosure Office 1, of the IRS replied to the January 30, 2014 FOIA request and indicated he was had 41 pages in response to the request, but was withholding all 41 pages pursuant to "FOIA exemption (b)(7)(A)." (Exhibit B.)

5. Ron Mele also indicated that the Revenue Agent Reports were "also exempt under FOIA subsection (b)(3) supported by IRS Section 6103(e)(7), because release would impair federal tax administration." (Exhibit B.)

6. On March 13, 2014, B&P administratively appealed the IRS' decision to withhold all 41 documents from disclosure. (Exhibit C.)

7. On April 2, 2014, the IRS Appeals Office upheld the decision to withhold disclosure of all of the requested documents pursuant to FOIA exemption (b)(7)(A) and for FOIA exemption (b)(3) as supported by Internal Revenue Code Section 6103(e)(7). (Exhibit D.)

8. A Revenue Agent's Report is the final report an IRS civil auditor completes upon the conclusion of a civil tax audit.

9. The law enforcement FOIA exemption referred to in ¶ 5, *supra*, does not apply to the requested documents because the requested Revenue Agent Reports are civil tax audit documents, not criminal documents.

10. The privacy exemption referred to in ¶ 6, *supra*, does not apply to the requested documents because the requested Revenue Agent Reports relate to the requester.

11. The documents the IRS withheld from disclosure to B&P were improperly withheld.

12. On February 19, 2014, Wright submitted a FOIA request to the IRS for numerous documents related to a claim by the IRS that Wright owes "restitution" for about $505,779.03. (Exhibit E.)

13. On March 13, 2014, K. Coen, Disclosure Specialist, for Paula M. Curran, Disclosure Manager, Disclosure Office 07, of the IRS replied to the February 19, 2014 FOIA request and indicated the request was denied in full. (Exhibit F.)

14. K. Coen advised that the request was denied because the deliberative process privilege, the attorney work product privilege, and the attorney-client privilege pursuant to exemption (b)(5), and for records compiled for law enforcement purposes pursuant to exemption (b)(7)(A). (Exhibit F.)

15. K. Coen also advised that the request was denied under subsection (b)(3) because the release would impair federal tax administration, and because 26 U.S.C. § 6103 bars disclosure. (Exhibit F.)

16. On March 19, 2014, Wright administratively appealed the IRS' decision to withhold all documents from disclosure. (Exhibit G.)

17. On April 17, 2014, the IRS Appeals Office upheld the decision to withhold disclosure of all of the requested documents pursuant to FOIA Exemption (b)(5) claiming interagency memoranda, work product privilege, and attorney-client privilege, FOIA exemption (b)(7)(A), and for FOIA exemption (b)(3) as supported by Internal Revenue Code Section 6103(e)(7). (Exhibit H.)

18. Wright is entitled to see documents that set forth how the restitution amount was calculated.

19. The law enforcement FOIA exemption referred to in ¶ 5, *supra*, does not apply to the requested documents because the requested documents are civil tax audit documents, not criminal documents.

20. The privacy exemption referred to in ¶ 6, *supra*, does not apply to the requested documents because the requested documents relate to the requester.

21. The privileges claimed do not apply to the method and means IRS used to calculate the restitution amount the IRS claims is due and owing.

22. The documents the IRS withheld from disclosure to Wright were improperly withheld.

## **JURISDICTION AND VENUE**

23. This is a civil action seeking injunctive and other legal and equitable relief and the Court has jurisdiction of the subject matter of this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6), 5 U.S.C. §§ 701-706, and 28 U.S.C. § 1331.

24. Venue of this action is properly in this district pursuant to 5 U.S.C. § 552(a)(4)(B) on the ground the Plaintiff resides in this district, or their principle place of business is within this district.

## **THE PARTIES**

25. B&P is a corporation whose principle place of business is located within Montgomery County in the state of Ohio, and the corporation is competent to bring this action.

26. Wright is a person residing within in the state of Ohio.

27. Defendant IRS is a part of the Department of the Treasury which is a Department of the Executive Branch of the United States Government and an agency within the meaning of 5 U.S.C. § 552(f)(1).

**COUNT ONE:**
**VIOLATION OF THE FOIA**
**FOR FAILURE TO PROMPTLY MAKE RECORDS AVAILABLE**

28. B&P incorporates by reference all allegations contained in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Pursuant to the Freedom of Information Act, the IRS has an obligation to make requested records promptly available unless specifically exempted by the FOIA.

30. B&P's FOIA request is not within the scope of any exception set forth in the FOIA.

31. IRS' failure to make the requested documents available to B&P violates the FOIA.

**COUNT TWO:**
**VIOLATION OF THE FOIA**
**FOR FAILURE TO PROMPTLY MAKE RECORDS AVAILABLE**

32. Wright incorporates by reference all allegations contained in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Pursuant to the Freedom of Information Act, the IRS has an obligation to make requested records promptly available unless specifically exempted by the FOIA.

34. Wright's FOIA request is not within the scope of any exception set forth in the FOIA.

35. IRS' failure to make the requested documents available to Wright violates the FOIA.

**COUNT THREE:**
**ATTORNEYS' FEES FOR GROSS FAILURE TO COMPLY WITH FOIA MANDATES**

36. Wright and B&P incorporate by reference all allegations contained in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

37. The IRS has acted in bad faith, needlessly requiring the Plaintiffs to incur substantial attorneys' fees in pursuing their rights under the FOIA.

38. 5 U.S.C. § 552(a)(4)(E)(i) authorizes attorneys' fees against the United States in FOIA cases.

39. The IRS' bad faith and unreasonable and substantial delay entitles the Plaintiffs to all attorneys' fee and other expenses incurred in pursuing its Freedom of Information Act request.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully ask this Court:

(1) That this Court order the IRS to, without objection or reservation, provide B&P and Wright with all requested documents without redaction.

(2) That this Court award the B&P and Wright all attorneys' fees and costs incurred in pursuing this action pursuant to 5 U.S.C. § 552(a)(4)(E)(i).

2041473.1

(3) That this Court issue any and all other relief to the Plaintiffs as it deems just and proper.

Respectfully submitted on this the 16th day of July, 2014.

        SEBALY, SHILLITO + DYER
        A Legal Professional Association
        Trial Attorneys for the Plaintiffs


By:    /s/ Toby K. Henderson
        Toby K. Henderson
        Ohio State Bar No. 0071378

1900 Kettering Tower
40 N. Main Street
Dayton, Ohio 45423-1013
(937) 222-2509  telephone
(937) 222-6554  facsimile
thenderson@ssdlaw.com



THE BERNHOFT LAW FIRM, S.C.
Attorneys for the Plaintiffs


By:    /s/ Robert G. Bernhoft
        Robert G. Bernhoft
        Wisconsin State Bar No. 1038252
        *Pro Hac Vice Admission Pending*

207 East Buffalo Street, Suite 600
Milwaukee, Wisconsin 53202
(414) 276-3333  telephone
(414) 276-2822  facsimile
rgbernhoft@bernhoftlaw.com